IRVING, J.,
for the Court.
¶ 1. Clarence Maston comes before this Court pro se challenging the order of the Circuit Court of Harrison County denying his petition for writ of habeas corpus. The issues raised on appeal are whether Ma-ston is being illegally detained beyond his release date and whether he is being subjected to double jeopardy. This Court finds no error with the trial court’s ruling and affirms.
FACTS
¶ 2. Maston was convicted in state court of forcible rape on October 4, 1990, and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC). Maston filed a motion for a new trial, and this motion was denied by the trial court on February 21, 1991. Maston was released on bond pending his appeal- to the supreme court.[1] While out on bond, Maston was arrested and convicted of a federal charge and sentenced to a federal penitentiary where he served several years until his release on September 15, 1997. Upon his release from federal prison on September 15,1997, the State of Mississippi took custody of Maston, and he began serving his fifteen-year sentence for the 1990 rape conviction.
¶ 3. At the outset, we note that Maston, prior to filing the motion out of which this appeal emanates, had filed both a post-conviction relief motion and a “Petition for Writ of Habeas Corpus,” relating to his 1990 rape conviction. Each of these pleadings has resulted in an appeal and appellate decisions. In the post-conviction relief motion, filed February 20, 1998, Maston alleged that his counsel was ineffective and failed to advise him of his right to appeal the rape conviction and sentence. This motion was denied by the trial court, and Maston appealed. The decision on the appeal (Maston I) is reported at Maston v. State, 750 So.2d 1234 (Miss.1999). The petition for writ of habeas corpus was filed in Greene County where Maston was being held after his return from federal prison. In the petition, Maston alleged that he was being wrongfully detained in Greene County because the State effectively commuted his sentence by permitting the federal government to prosecute and imprison him at a time when the State had constructive custody of his person by virtue of his 1990 rape conviction. The trial court treated the petition for writ of habeas corpus as a motion for post-conviction relief but dismissed the petition for lack of jurisdiction, holding that jurisdiction rested in Harrison County where the rape occurred. We affirmed the trial court. Our decision (Maston II) is reported at Maston v. State, 768 So.2d 354, 355 (Miss.Ct.App.2000).
¶ 4. On November 6, 2000, Maston filed two separate pro se pleadings in the Cir *188 cuit Court of Harrison County. These are the pleadings which give rise to the instant appeal. In one pleading, he petitioned for habeas corpus relief; in the other, he alleged that he was being held unlawfully by the MDOC. As best we can tell from Maston’s not-so-well-pled pleadings, he contends that his sentence for the rape conviction should have been made to run concurrently with the federal sentence and that it constitutes double jeopardy for the State to sentence him to fifteen years. He also contends that he is being illegally detained because had his sentence for the rape conviction been made to run concurrently with his federal sentence, he would be eligible for parole.
¶ 5. The trial court reasoned that both petitions were seeking post-conviction relief and consolidated the pleadings as one action. The trial court then found that Maston had presented no evidence upon which it could grant the requested relief.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. Maston argues that he is being illegally detained because the years he served in the federal penitentiary should have run concurrently with the fifteen-year sentence that he was given on the state rape conviction. By having to serve the fifteen-year state sentence, after serving several years in federal prison, Maston contends that he is being subjected to double jeopardy.
¶ 7. We find that Maston is procedurally barred pursuant to the three-year limitation provision contained in Mississippi Code Annotated § 99-39-5(2) (Rev.2000) and pursuant to the successive motion prohibition contained in § 99-39-23. We see no reason why Maston could not have raised the issues, which he raises in the instant motion, in the post-conviction relief motion that he filed on February 20, 1998.
¶ 8. As stated, Maston claims that he is being illegally detained and subjected to double jeopardy. If Maston had presented a colorable claim in this regard, that certainly would implicate fundamental rights which would permit a waiver of the procedural bars. Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999); Fuselier v. State, 654 So.2d 519, 522 (Miss.1995). However, Maston has not provided this Court with any records to support his claim that he is being illegally detained or subjected to double jeopardy.
¶ 9. When Maston was sentenced to serve fifteen years on his conviction of forcible rape in the State of Mississippi, that was the only sentence and the only conviction before that court. Therefore, the court had no reason to consider whether Maston’s sentence should run, consecutively, concurrently, or otherwise. Furthermore, Maston was not even sentenced on his federal conviction until months after his state conviction.
¶ 10. As to the double jeopardy contention, it is clear that the federal conviction was for a crime that Maston committed while he was out on bond from his rape conviction. Therefore, the two crimes could not emanate out of the same nucleus of facts, but even if they did, a defendant can be prosecuted in both sovereigns for the same criminal act emanating from a common nucleus of facts, without running afoul of double jeopardy.
The Dual Sovereignty doctrine recognizes that more than one offense results where a single criminal act violates the laws of more than one State or a State and the 'Federal Government. When such is the case, the defendant is not subjected to double jeopardy in successive prosecutions by the separate sovereigns for the same criminal act.
*189 Brown v. State, 731 So.2d 595 (¶ 12)(Miss.1999); Heath v. Alabama, 474 U.S. 82, 86, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985).
¶ 11. This Court finds that Maston’s assignments of error are without merit; therefore, the decision of the trial court denying post-conviction relief is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.

. Although Maston was allowed bond pending appeal, apparently no appeal was ever effectuated.