964 So.2d 1215 (2007)
Edwin Glenn SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01370-COA.
Court of Appeals of Mississippi.
September 18, 2007.
Edwin Glenn Smith, Appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Edwin Glenn Smith challenged his 1979 convictions of kidnaping, armed robbery and aggravated assault by way of a motion for post-conviction relief. The circuit court found that Smith's post-conviction relief petition was time-barred as it was brought almost twenty-two years after *1216 the court's entry of corrected sentencing orders and that none of the statutory exceptions applied. We find that the trial court was correct in finding the petition time-barred, and further we find that Smith's petition is not properly before the Court as he has long since completed his Mississippi sentences. Therefore, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On August 24, 1979, Edwin Glenn Smith pled guilty in three cause numbers: 16,787 kidnaping; 16,788 armed robbery; and 16,789 aggravated assault. Orders were entered sentencing him to serve ten years, twelve years and five years, respectively, in the custody of the Mississippi Department of Corrections with the sentences to run concurrently. On October 15, 1984, in response to a writ of habeas corpus, the sentence in cause number 16,787 was vacated, and Smith was sentenced to six years with credit for time served. Also on that date, an order was entered sentencing Smith to six years in cause number 16,788.
¶ 3. Approximately one week later, on October 23, 1984, the court on its own motion recognized the order of October 15 in cause number 16,787 to be incorrect, having been "entered in error with the wrong cause number" and thereby set the order aside and held the original sentence to remain in full force and effect. A second order of October 23, 1984, explained that, as to cause number 16,788, the order of October 15 should have reflected that the previous sentence of twelve years was vacated and that Smith was being re-sentenced to serve six years.
¶ 4. On December 18, 1984, upon the motion of the State, the court corrected the sentencing order in cause number 16,787 to reflect that twelve years were originally imposed for the kidnaping. By further order of December 18, 1984, the circuit court corrected the original sentencing order in cause number 16,788 to reflect that ten years had been originally imposed for the armed robbery.
¶5. On June 2, 2006, Smith filed a motion to vacate his convictions on jurisdictional grounds which the circuit court treated as a post-conviction relief petition. Smith's argument is that neither he, nor his attorney, was present when the court amended or set aside the orders which had reflected only six year sentences. He claims that the court "lacked jurisdiction to re-sentence Smith again because the sentence had been completed" and requested that "the sentence and convictions . . . be vacated in their entirety."
¶6. Smith is currently incarcerated in an Alabama State Correctional Facility.

ANALYSIS
¶ 7. In reviewing a trial court's decision to deny a petition for post-conviction relief, this Court will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 566(¶ 8) (Miss.1999). However, where questions of law are raised, the standard of review is de novo. Rice v. State, 910 So.2d 1163, 1164-65(¶ 4) (Miss.Ct.App.2005). The trial court's obligation is to review the original motion and all files, records, transcriptions and correspondence relating to the judgment under attack so that the allegations may be resolved upon the merits. Miss. Code Ann. § 99-39-11(1) (Rev.2007). The burden is upon Smith to prove by a preponderance of the evidence that he is entitled to the requested post-conviction relief. See Miss.Code Ann. § 99-39-23(7) (Rev. 2007).
*1217 ¶ 8. The first reason that the lower court's decision should be affirmed is because Smith has served his Mississippi sentences. In order to file a motion for post-conviction relief the applicant must be a "[p]risoner in custody under sentence of a court of record of the State of Mississippi . . ." Miss.Code Ann. § 99-39-5(1) (Rev. 2007). Smith was sentenced in August 1979 to concurrent terms of imprisonment which totaled twelve years. There is nothing in the record to reflect any circumstance under which Smith might still be incarcerated on these charges. Smith's motion for post-conviction relief stated that "the sentence had been completed." In his brief to this Court, he states that he discovered the trial court's re-sentencing "[a]fter [he] had been discharged from the Miss. Department of Corrections." This Court has previously held that "our post-conviction relief statutes are available only to those serving a sentence for the crime for which they were convicted by a Mississippi court of record." Rice, 910 So.2d at 1166(¶ 10) (quoting Phillips v. State, 856 So.2d 568, 570(¶ 5) (Miss.Ct.App.2003)). Smith has failed the threshold requirement for seeking post-conviction relief as he is no longer a prisoner in custody under of a sentence from a Mississippi court. It is obvious to this Court that Smith, incarcerated in the State of Alabama, is attempting to have his former Mississippi convictions vacated so that they may not be used to enhance his Alabama sentence. Our post-conviction relief statutes may not be used in this manner.
¶ 9. The second reason this post-conviction petition must fail is that it is time-barred and fits into none of the exceptions to the time bar. The Uniform Post-Conviction Collateral Relief Act provides that motions for post-conviction relief from guilty pleas shall be made within three years after the entry of judgment of conviction or the motion will be time-barred. Miss.Code Ann. § 99-39-5(2) (Rev.2007); Bevill v. State, 669 So.2d 14, 17 (Miss. 1996). A defendant, however, may survive this time bar if his claim falls within one of the statutory exceptions. Bevill, 669 So.2d at 17. These exceptions include (1) cases where the Supreme Court of Mississippi or the United States has rendered an intervening decision that would actually adversely affect the outcome of the conviction or sentence, (2) cases where the defendant presents evidence, not reasonably discoverable at the time of trial, that would have been practically conclusive at trial to cause a different result in the conviction or sentence, and (3) cases where the defendant's sentence has expired, or his probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-5(2). Smith has brought forward none of the exceptions to the time-bar. His petition was filed some twenty-two years after the entry of corrected sentencing orders. Therefore, we uphold the decision of the trial court which found that the petition was time-barred.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.