985 So.2d 365 (2008)
Carlos MOORE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00434-COA.
Court of Appeals of Mississippi.
June 17, 2008.
*367 Carlos Moore, pro se.
Billy L. Gore, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Carlos Moore, proceeding pro se, appeals the dismissal of his motion for post-conviction relief by the Circuit Court of Benton County. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Moore was charged with three counts: taking possession of or taking away a motor vehicle, simple robbery, and jail escape. He pleaded guilty to these charges and was sentenced to fifteen years, with eight years suspended, for simple robbery; five years for jail escape; and five years for vehicle theft, with all sentences running concurrently and three years of post-release supervision. Two other charges pending against Moore were dismissed as part of the plea agreement. During his guilty plea and sentencing, Moore was represented by Kent Smith, a Marshall County Public Defender.
¶ 3. Moore subsequently filed a motion for post-conviction relief in the circuit court alleging that his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel. He contended that Smith failed to investigate potential defenses adequately and, instead, simply encouraged him to plead guilty; he further contended that Smith promised him a shorter sentence than the one he received. A hearing was held on the motion, during which Moore raised, for the first time, the claim that Smith's performance was ineffective based on a conflict of interest. He alleged that either Smith or an attorney in Smith's law firm also represented John Cash. According to Moore, Cash, also accused of robbery, was the individual who called the authorities and informed them of Moore's location, which subsequently led to his arrest.
¶ 4. Smith testified that although he or his law firm did represent Cash, he never told Moore that he was representing Cash or that Cash was the individual who turned Moore in to the authorities. Smith had not heard before that day that Cash was the individual who turned Moore in to Crime Stoppers.
¶ 5. Moore testified that he knew Cash was the individual who turned him in because he was at Cash's house "when the phone call was placed from the Marshall County Police Department to Cash's house." According to Moore, after he pleaded guilty and had been sentenced, he, Smith, Officer Ferlando Marion,[1] and Smith's secretary were engaged in a conversation while Moore was waiting to be transferred back to jail. According to Moore, when he asked Marion whether Valerie Johnson was the individual who turned him in to the police, Marion responded that it was Cash. Marion denied that he told Moore anything about Cash.
¶ 6. Moore stated that he was not denying that: (1) he was guilty of the crimes for which he was charged; (2) Smith reviewed the guilty plea paperwork detailing the recommended sentence with him; (3) *368 he initialed the paperwork;[2] or (4) the judge, during sentencing, informed him of the sentence he was to receive. He contended that his guilty plea was involuntary due to his being unaware of Smith's alleged conflict of interest. The judge then questioned Moore as follows:
Q: Let me stop you there. You're satisfied with the sentence that you got?
A: Yes.
Q: You're satisfied with the charges that you plead guilty to?
A: Yes.
Q: You're satisfied with those things?
A: Yes.
Q: You don't want to get back on the docket facing these charges and facing a trial, do you, because you could get something a whole lot more than what you have now? Is that true?
A: That's true.
¶ 7. The circuit court denied Moore's motion for post-conviction relief, stating as follows:
Petitioner stated under oath at the time of his sentencing that he understood his sentence, and again at the hearing on his Motion he stated that he understood what the recommendation as to his sentence would be and that he was not contesting the fact that he was guilty of the crimes nor the sentence he received.
Petitioner's only complaint was that his attorney, Kent Smith, had an alleged conflict of interest. He alleged that Mr. Smith, the Public Defender of Marshall County, represented one John Cash at the same time he was representing Petitioner, and therefore his attorney had a conflict of interest. Mr. Smith admits that he, or his firm, did or does, represent John Cash on a matter but he did not realize that Mr. Cash had any involvement whatsoever with Petitioner, nor any information regarding Petitioner's crimes.
¶ 8. Aggrieved, Moore now appeals contending that the circuit court erred in dismissing his motion for post-conviction relief. He argues that Smith never conducted a pretrial investigation or properly familiarized himself with the case. Were it not for the conflict of interest, argues Moore, Smith might have investigated other defense possibilities rather than merely encouraging a guilty plea.[3] Finding no reversible error, we affirm the judgment of the circuit court.

ANALYSIS
¶ 9. This Court reviews a trial court's dismissal of a motion for post-conviction relief under an abuse of discretion standard, meaning the dismissal will be disturbed only where the trial court's decision was clearly erroneous. Willis v. State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App. 2005) (citing Mitchell v. State, 754 So.2d 519, 521(¶ 7) (Miss.Ct.App.1999); McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss. Ct.App.2001)). The appropriate standard for questions of law, however, is de novo. Rice v. State, 910 So.2d 1163, 1164-65(¶ 4) (Miss.Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
¶ 10. The test for ineffective assistance of counsel is articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant bears the burden of establishing this claim, and must prove (1) that defense *369 counsel's performance was deficient "when measured by the objective standard of reasonable professional competence," and (2) the defendant was prejudiced by counsel's failure to meet this standard. Pleas v. State, 766 So.2d 41, 42(¶ 3) (Miss.Ct.App. 2000) (citing Wiley v. State, 750 So.2d 1193, 1198(¶ 11) (Miss.1999)).
¶ 11. "The rule regarding ineffective assistance of counsel in the context of a guilty plea is that when a convicted defendant challenges his guilty plea on grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity." Buck v. State, 838 So.2d 256, 260(¶ 12) (Miss.2003). "Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea." Id. (citing Reynolds v. State, 521 So.2d 914, 918 (Miss.1988)). In short, if a defendant pleads guilty, the key issue is if counsel's performance had been effective, there was a reasonable probability the defendant would not have pleaded guilty, but would have gone to trial. Pleas, 766 So.2d at 43(¶ 7) (citing Bell v. State, 751 So.2d 1035, 1038(¶ 14) (Miss. 1999)).
¶ 12. Based on the record before us, we find that Moore has failed to demonstrate that he received ineffective assistance of counsel during his guilty plea and sentencing. Specifically, Moore argues that Smith rendered ineffective assistance of counsel due to a conflict of interest arising from his representation of Cash, whom Moore claims turned him in to the authorities. Moore alleges that Cash turned him in to the authorities in the hope of receiving a reward or possible leniency for his pending robbery charges.
¶ 13. With regard to conflicts of interest, "prejudice is presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." McCaleb v. State, 743 So.2d 409, 412(¶ 14) (Miss.Ct.App.1999) (quoting Perry v. State, 682 So.2d 1027, 1030 (Miss.1996)). Moore has made no such showing. Moore relies on Federal Rule of Criminal Procedure 44(c), which governs joint representation of criminal defendants.[4] Moore pleaded guilty in state, not federal, court; therefore, Rule 44(c) is not applicable to this case. Moreover, there is nothing in the record to indicate that Moore and Cash were charged as co-defendants. Even assuming that Cash was facing robbery charges,[5] Moore has provided no indication as to how such charges related to his case; in fact, Moore states in his brief that Smith was representing Cash on "a different [r]obbery charge." Thus, all that remains is the fact that Smith or his firm was representing Cash, possibly on an unrelated robbery charge, at the same time *370 Smith was representing Moore. We fail to see how this fact, without more, would create a conflict of interest for Smith. This Court has stated:
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.
Blaylock v. State, 746 So.2d 897, 900(¶ 6) (Miss.Ct.App.1998) (citing Irving v. Hargett, 518 F.Supp. 1127, 1143 (N.D.Miss. 1981)). On the record before us, Moore has not demonstrated that Smith owed a him duty to him to act in a way that could have been detrimental to Cash, or vice versa. We note that Moore offered no evidence, other than his own allegations, that Cash was the individual who turned him in to the authorities or that Cash did so in order to secure a reward or leniency. Therefore, we find that Moore has failed to demonstrate that Smith actively represented conflicting interests.
¶ 14. Even assuming arguendo that an actual conflict of interest was found to exist, Moore has provided nothing other than his own allegations indicating that Smith's performance was adversely affected thereby. As the circuit judge found, Smith was not even aware that Cash had any involvement in Moore's case until the day of the hearing on Moore's motion for post-conviction relief. Smith was successful in negotiating a plea agreement resulting in Moore receiving a far lesser sentence than he might have received. Moreover, during the guilty plea hearing, Moore acknowledged under oath that he was satisfied with his lawyer's performance; that he was guilty of the crimes with which he was charged; and that his guilty plea was not the result of threats or coercion. Plummer v. State, 966 So.2d 186, 191(¶ 15) (Miss.Ct.App.2007) ("We give `[g]reat weight . . . to statements made under oath and in open court during sentencing.'" (quoting Sanchez v. State, 913 So.2d 1024, 1027(¶ 8) (Miss.Ct. App.2005))). The record is replete with evidence that Smith rendered effective assistance of counsel and that Moore's guilty plea was knowing and voluntary.
¶ 15. Strickland's second prong requires Moore to show that he was prejudiced by Smith's alleged deficient performance. Pleas, 766 So.2d at 42(¶ 3). "Where no actual conflict of interest is present the appellant must demonstrate prejudice." Perry, 682 So.2d at 1031. Here, Moore must demonstrate that, but for Smith's alleged conflict of interest, there was a reasonable probability that he would not have pleaded guilty; instead, he would have insisted on going to trial. Moore admitted at the hearing on his motion that he did not deny that he was guilty of the crimes to which he had pleaded guilty; that he had no problem with the sentence he received; and that he did not want his case reinstated on the docket for trial. Consequently, as Moore has not shown that he would have insisted on going to trial were it not for Smith's alleged conflict of interest, he has failed to demonstrate that he was prejudiced by Smith's alleged deficient performance.
¶ 16. For the foregoing reasons, we affirm the circuit court's dismissal of Moore's motion for post-conviction relief.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF BENTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BENTON COUNTY.
*371 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Marion was a criminal investigator with the Benton County Sheriff's Department at the time of the investigation into Moore's crime.
[2] Smith testified, and the record reflects, that on the paperwork pertaining to Moore's guilty plea, Moore initialed beside the recommended sentence.
[3] He contends that Smith's actions prevented him from balancing the risks and benefits of going to trial.
[4] Federal Rule of Criminal Procedure 44(c) states as follows:

(c) Inquiry Into Joint Representation.
(1) Joint Representation. Joint representation occurs when:
(A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
(B) the defendants are represented by the same counsel, or counsel who are associated in law practice.
(2) Court's Responsibilities in Cases of Joint Representation. The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.
[5] Moore provided no evidence substantiating his claim that Cash was facing robbery charges.