BARNES, J.,
 

 for the Court.
 

 ¶ 1. This matter is before the Court on appeal from an order of the Circuit Court of Hinds County dismissing Steven Lamont Crosby’s motion for post-conviction relief. Finding that Crosby’s motion is time-barred, we affirm the circuit court’s judgment.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Crosby was indicted for aggravated assault on May 22, 1995. Although initially pleading “not guilty,” Crosby later withdrew that plea and pleaded guilty to the charge. On October 9, 1995, an amended judgment of conviction and sentence was entered convicting Crosby and sentencing him to serve five years in the custody of the Mississippi Department of Corrections (MDOC), with the remainder of the sentence, except the seventy-three days already served, to be suspended conditioned upon future good behavior and compliance
 
 *77
 
 with the terms of probation.
 
 [1]
 
 Therefore, Crosby was immediately released from custody to serve his probationary term.
 

 ¶ 3. On March 3, 1997, Crosby shot and killed Larry Wallace during an argument. Crosby was arrested in California on June 1, 1997, on a fugitive warrant, and was extradited to Mississippi. He was indicted for murder on December 9, 1997. Crosby pleaded “not guilty” at his arraignment hearing. The trial was originally set for May 1998; however, continuances were granted which delayed the trial.
 
 [2]
 
 On December 15, 1999, Crosby withdrew his previous “not guilty” plea and pleaded guilty to manslaughter. Crosby was sentenced to two years and five months in the custody of the MDOC, with three years of post-release supervision, to run concurrently with his previous sentence. Crosby received credit for time served and was immediately released.
 
 [3]
 
 A petition for termination of probation on Crosby’s manslaughter charge was filed by the MDOC on August 28, 2000. Crosby is now serving a life sentence as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83.
 
 [4]
 
 The identity of Crosby’s other crimes are not contained in the record before this Court. However, Crosby’s motion informs us that the manslaughter charge was used as the enhancement to his life sentence; hence, his desire to overturn the manslaughter conviction.
 

 ¶4. On May 23, 2006, Crosby filed a motion for post-conviction relief with the circuit court. The court dismissed the motion on April 24, 2007, on the basis that it was time-barred.
 
 [5]
 
 It is from this dismissal that Crosby now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 5. A trial court’s dismissal of a motion for post-conviction relief is reviewed by this Court under an abuse of discretion standard and will only be disturbed in cases “where the trial court’s decision was clearly erroneous.”
 
 Moore v.
 
 State, 985 So.2d 365, 368(¶ 9) (Miss.Ct.App.2008) (citation omitted). The appropriate
 
 *78
 
 standard of review for questions of law, however, is de novo.
 
 Id.
 

 I. Whether the circuit court erred in dismissing Crosby’s motion for post-conviction relief as time-barred.
 

 ¶ 6. In cases where a defendant pleads guilty, “a motion for post-conviction relief must be made within three years after the entry of the judgment of conviction.”
 
 Campbell v. State,
 
 993 So.2d 413, 415(¶ 6) (Miss.Ct.App.2008) (citing Miss.Code Ann. § 99-39-5(2) (Rev.2000)). Crosby pleaded guilty to manslaughter on December 15, 1999. Therefore, any motion for post-conviction relief had to be filed no later than December 16, 2002. Crosby’s motion was not filed until May 2006; therefore, on its face, the motion was untimely and barred from review.
 

 ¶ 7. However, if a defendant’s claim in his motion for post-conviction relief falls within one of the statutory exceptions, it may survive the time bar.
 
 Smith v. State,
 
 964 So.2d 1215, 1217(¶ 9) (Miss.Ct.App.2007) (citing
 
 Bevill v. State,
 
 669 So.2d 14, 17 (Miss.1996)). The exceptions are:
 

 (1) cases where the Supreme Court of Mississippi or the United States has rendered an intervening decision that would actually adversely affect the outcome of the conviction or sentence, (2) cases where the defendant presents evidence, not reasonably discoverable at the time of trial, that would have been practically conclusive at trial to cause a different result in the conviction or sentence, and (3) cases where the defendant’s sentence has expired, or his probation, parole or conditional release has been unlawfully revoked.
 

 Id.
 
 (citing Miss.Code Ann. § 99-39-5(2)). Crosby asserts the following assignments of error: (1) his indictment for murder was facially and fatally defective; (2) his sentence for the manslaughter conviction, which ran concurrently with his previous sentence, violated Mississippi Code Annotated section 99-19-21 (Rev.2007); (3) that his constitutional right to a speedy trial was violated; and (4) that he was denied effective assistance of counsel. A claim “alleging a defective indictment [is] barred when a motion for post-conviction relief is not filed within the three-year time limitation.”
 
 Barnes v. State,
 
 949 So.2d 879, 881(¶ 8) (Miss.Ct.App.2007). It is also well established that “a guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin.”
 
 Hardin v. State,
 
 966 So.2d 844, 847(¶ 11) (Miss.Ct.App.2007) (citing
 
 Rowe v. State,
 
 735 So.2d 399, 400(¶ 3) (Miss.1999)). Therefore, we find that Crosby’s claims regarding his indictment and his right to a speedy trial are statutorily barred.
 

 ¶ 8. Regarding Crosby’s argument of ineffective assistance of counsel, “the Mississippi Supreme Court has consistently held that the time bar of Mississippi Code Annotated section 99-39-5(2) applies to ... post-conviction relief claims based on ineffective assistance of counsel.”
 
 Chancy v. State,
 
 938 So.2d 267, 270(¶ 11) (Miss.Ct.App.2005). This Court has held that:
 

 [While] it is conceivable that under the facts of a particular case, this Court might find that a lawyer’s performance was so deficient, and so prejudicial to the defendant that the defendant’s fundamental constitutional rights were violated ... [we have] never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.
 

 McBride v. State,
 
 914 So.2d 260, 264(¶ 12) (Miss.Ct.App.2005) (quoting
 
 Bevill,
 
 669 So.2d at 17). In order to make a successful claim of ineffective assistance of counsel, “a defendant must prove that his coun
 
 *79
 
 sel’s performance was deficient, and that the deficiency prejudiced his defense.”
 
 Thomas v. State,
 
 933 So.2d 995, 997(¶ 6) (Miss.Ct.App.2006) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
 

 ¶ 9. Crosby specifically alleges that defense counsel failed to obtain a mental evaluation of Crosby, knowing that he was not mentally competent to sign his petition to enter a guilty plea. Although an order for continuance in the record reflects that defense counsel intended to obtain a mental evaluation of Crosby, no further information is contained in the record as to whether that evaluation was ever conducted. There exists a “strong presumption that the attorney’s conduct falls within the wide range of reasonable professional conduct and .... that all decisions made during the course of trial were strategic.”
 
 Jones v. State,
 
 970 So.2d 1316, 1318(¶ 6) (Miss.Ct.App.2007) (citations omitted). Crosby has failed to provide any evidence to support his claim other than his assertions in the motion. “It is the I’esponsibility of the appellant to insure the availability of an appellate record sufficient to support his claims.”
 
 Griffis v. State,
 
 797 So.2d 299, 302-03(¶ 6) (Miss.Ct.App.2001) (citing
 
 Smith v. State,
 
 572 So.2d 847, 849 (Miss.1990)). Additionally, paragraph seven of Crosby’s petition to enter a guilty plea asserted that he was not “suffering from any mental disease” and that he fully understood all the matters set forth in his indictment and petition. Crosby’s other claims of ineffective assistance concern defense counsel’s alleged conspiracy with the State against Crosby. However, these allegations only refer to counsel’s negotiations with the State in order that Crosby would receive a more lenient conviction and sentence. Therefore, we find that Crosby has stated no deprivation of a fundamental right as a result of defense counsel’s plea negotiations and that his assertion of ineffective assistance of counsel is statutorily barred from review.
 

 ¶ 10. However, Crosby’s claims regarding his alleged illegal sentence may be considered an exception to the statutory bar. “[T]he supreme court has carved out an exception to procedural bars when necessary to protect a fundamental right such as the right to a legal sentence.”
 
 Campbell,
 
 993 So.2d at 415(¶ 6) (citations omitted). Consequently, a petition for post-conviction relief which alleges an illegal sentence is exempt from a time bar.
 
 Id.
 
 at 416(¶ 6) (citing
 
 Jackson v. State,
 
 965 So.2d 686, 690(¶ 11) (Miss.2007)). However, merely asserting “a constitutional right violation is not sufficient to overcome the time bar.”
 
 Stovall v. State,
 
 873 So.2d 1056, 1058(¶ 7) (Miss.Ct.App.2004). “There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.”
 
 Id.
 
 Therefore, we must review the merit of the issue in order to determine whether Crosby’s illegal sentence claim survives the statutory time limitation.
 

 II. Whether Crosby’s sentence violated Mississippi Code Annotated section 99-19-21.
 

 ¶ 11. Crosby argues that his sentence for his manslaughter conviction, which ran concurrently with his previous sentence, violated Mississippi Code Annotated section 99-19-21(2) (Rev.2007) which states:
 

 When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-released supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction.
 
 The term of imprisonment for a felony committed
 
 
 *80
 

 during parole, probation, eamed-re-lease supemsion, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment.
 
 If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the Department of Corrections to serve the term of imprisonment for the felony committed while on parole, probation, earned-release supervision, post-release supervision or suspended sentence.
 

 (Emphasis added). Therefore, if “a convicted felon is sentenced for a crime he committed while he was on supervised release for committing a previous crime, the two sentences cannot run concurrently, they must run consecutively.”
 
 Judge v. State,
 
 983 So.2d 1012, 1014(¶ 6) (Miss.Ct.App.2006). The circuit judge stated in the order that Crosby’s sentence for manslaughter was to run concurrently with his previous sentence for aggravated assault. Thus, we agree with Crosby’s contention that his sentence for the manslaughter conviction violated section 99-19-21.
 

 ¶ 12. “[GJenerally, where a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice.”
 
 Sweat v. State,
 
 912 So.2d 458, 461(¶ 9) (Miss.2005). However, when a defendant receives a illegally lenient sentence, it is considered harmless error as the defendant suffered no prejudice from the imposition of the sentence.
 
 Id.
 
 The concurrent sentence that Crosby received did not cause him to suffer incarceration for a period of time longer than he was legally obligated. “A convicted felon may not quietly enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so.”
 
 Thomas v. State,
 
 861 So.2d
 
 371,
 
 374(¶ 9) (Miss.Ct.App.2003) (quoting
 
 Pruitt v. State,
 
 846 So.2d 271, 274(¶ 10) (Miss.Ct.App.2002)). Accordingly, we find that Crosby’s claim is not an exception to the statutory bar as his sentence was illegally lenient and, therefore, did not violate a fundamental right.
 
 [6]
 

 CONCLUSION
 

 ¶ 13. As none of Crosby’s assertions of error fall within an exception to the three-year statute of limitations, we find no error in the circuit court’s dismissal of Crosby’s motion for post-conviction relief.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The original judgment, filed on September 25, 1995, erroneously stated that the last four years, six months, and fifteen days were to be stayed and suspended.
 

 [2]
 

 . A continuance was granted on May 6, 1998, to allow defense counsel more time for investigation and negotiation, and to have a mental evaluation performed on Crosby. The court also granted a continuance on August 24, 1999, due to a scheduling conflict within the court. Finally, on October 5, 1999, the court granted a continuance to allow defense counsel more time to prepare for trial.
 

 [3]
 

 . Crosby’s probation for his aggravated assault conviction was revoked on April 25, 2000, for failure to report to his field officer and his failure to pay court costs and fees as ordered by the court; he was remanded into custody.
 

 [4]
 

 . Mississippi Code Annotated section 99 — 19— 83 (Rev.2007) states that;
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 [5]
 

 .Crosby filed a petition for writ of mandamus with the Mississippi Supreme Court on November 29, 2006, which sought to compel the circuit court to rule on his motion for post-conviction relief. On May 1, 2007, the supreme court dismissed Crosby’s petition as moot as the order had already been entered by the circuit court.
 

 [6]
 

 . While not raised by the State, we note that Crosby is not currently serving sentence for his manslaughter conviction. This is an additional reason to bar Crosby’s complaint as he lacks standing to bring his motion.
 
 See Wilson v. State,
 
 990 So.2d 828, 830(¶ 6) (Miss.Ct.App.2008) (for a prisoner to have standing to bring a motion for post-conviction relief, he must be serving time under the sentence complained of in his motion).