# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-CP-01795-COA

**ROBERT GENE JONES A/K/A ROBERT G. JONES A/K/A ROBERT JONES**　　　　　　**APPELLANT**

v.

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/04/2012 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT GENE JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 09/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND CARLTON, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.　　Robert Gene Jones appeals the Pontotoc County Circuit Court's summary dismissal of his motion for post-conviction relief (PCR). On appeal, he asks this Court to determine whether the circuit court erred in dismissing his PCR motion that requested a clarification of his sentence and a determination of whether there was a sufficient factual basis for the circuit court to accept his guilty plea. We detect no error; therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.　　In June 2006, Jones was indicted for possession of cocaine with the intent to

distribute, felony eluding a law-enforcement officer, and felony child endangerment. Jones appeared before the circuit court on July 28, 2010, to enter guilty pleas to all three counts. The circuit court questioned Jones on whether his pleas were voluntarily and freely given, whether he understood the charges and the minimum and maximum sentences for each charge, and whether he understood the constitutional rights he was waiving by pleading guilty. Jones confirmed that he did understand. The circuit court then read Jones each count contained in the indictment. After each count was read, Jones stated that he was pleading guilty. Jones also acknowledged that his plea was freely and voluntarily given, and he was satisfied with his attorney's representation.

¶3.     In exchange for his agreement to the plea bargain, the State agreed to dismiss the habitual-offender status charged in his indictment, and the circuit court granted the amendment deleting his habitual-offender status. Additionally, the State made the following recommendation as to Jones's sentence: for possession of cocaine with the intent to distribute, twenty years with ten years suspended, five years of post-release supervision, and a $5,000 fine with $4,000 suspended; for eluding a law-enforcement officer, five years; and for child endangerment, five years.

¶4.     The circuit court accepted the State's recommendations, and Jones was ordered to serve the above sentences concurrently in the custody of the Mississippi Department of Corrections. The circuit court stated that all of Jones's sentences were to run concurrently with the other sentences imposed "and with [the] sentences previously imposed in Franklin County, Texas."

¶5.      Jones filed a PCR motion on September 13, 2012, to clarify his sentence and/or to

2

vacate and set aside his guilty pleas due to a lack of a factual basis. The circuit court summarily denied Jones's PCR motion, and Jones now appeals. He raises two issues for review:

I.      [Whether] the [circuit] court . . . erred in denying [Jones's PCR motion] to clarify sentences.

II.     [Whether] the [circuit] court . . . erred in denying [Jones's PCR motion] to vacate and set aside [Jones's] guilty plea[s], due to [a] lack of factual basis.

## STANDARD OF REVIEW

¶6.     "A trial court's dismissal of a motion for post-conviction relief is reviewed by this Court under an abuse of discretion standard and will only be disturbed in cases 'where the trial court's decision was clearly erroneous.' . . . The appropriate standard of review for questions of law, however, is de novo." *Crosby v. State*, 16 So. 3d 74, 77-78 (¶5) (Miss. Ct. App. 2009) (quoting *Moore v. State*, 985 So. 2d 365, 368 (¶9) (Miss. Ct. App. 2008)).

## ANALYSIS

### I.      SENTENCE CLARIFICATION

¶7.     Jones first argues that his sentencing order fails to give him credit for time he had previously served while he was in prison in Texas; thus, he is entitled to have his sentence clarified via a PCR motion. According to Jones, he should receive a credit for four years, two months, and twenty-eight days he served in Texas on unrelated charges before he entered his guilty plea in Mississippi.

¶8.     Although the record is limited in this case, it appears that Jones may be confused about concurrent sentences. The record shows that Jones committed three felonies on

3

October 27, 2004, while in Franklin, Texas. Two were felony possession of controlled substances, and the other was felony evading arrest. It is unclear if Jones was on bond or a fugitive when he committed the crimes on February 8, 2006, in Pontotoc County, Mississippi. After his arrest for his Mississippi crimes, he was returned to Franklin, Texas, where he was sentenced for the 2004 Texas crimes he committed. The record is silent on whether Jones was extradited or waived extradition to Texas. He served close to four years in the custody of the Texas Department of Criminal Justice (TDCJ) before he was "released from TDCJ custody on [April 20, 2010,] on parole[.]" The record is also silent regarding whether Mississippi placed a detainer on Jones while he was in Texas custody. We note it appears highly unlikely a detainer was lodged against Jones while in Texas custody, since the record does reflect Texas released Jones on "parole" to return to Oxford, Lafayette County, Mississippi, and the plea colloquy indicates Jones spent a short period of time at liberty in Lafayette County from April 22, 2010, until May 19, 2010, before he was re-arrested on a capias and returned to the Pontotoc County jail on the still-pending indictment in this case. While serving his sentence in Texas, Jones was indicted in Mississippi on June 10, 2006, as a habitual offender, for possession of cocaine with intent to distribute, felony eluding a law-enforcement officer, and child endangerment. The violent-habitual-offender status was based on four prior felony convictions before the Lafayette County Circuit Court for two uttering forgeries, possession of cocaine with intent, and simple assault on a law-enforcement officer. Following his release from the TDCJ, Jones returned to Mississippi, where he then pled guilty to the charges.

¶9.    As best as we can ascertain from the record, it appears Jones had completed his Texas

4

sentence when he pled in Pontotoc County. His concurrent sentences he received in Mississippi are concurrent from the day of his sentencing forward. Jones is entitled to pretrial jail credit for the time he served in the Pontotoc County jail on the three charges he pled to in this case, but he is not entitled to pretrial jail credit for the time he previously served on his unrelated Texas felony convictions.[1]

¶10.   Further, while it is true that the circuit court ordered that Jones's sentences in the current case be run concurrently with each other and with Jones's sentences in Franklin, Texas, there is absolutely no mention in the record by Jones's counsel, the assistant district attorney, or the trial judge that the plea agreement provided that Jones would receive credit on his Mississippi sentences for any time he previously served in Texas. Any such discussion is conspicuously absent. Jones's sentencing order reflects what was announced as his sentence at his guilty-plea hearing, and we must conclude the circuit court was not clearly erroneous in summarily dismissing Jones's PCR motion.

¶11.   Therefore, we find this issue to be without merit.

II.   FACTUAL BASIS

¶12.   Jones submits that the circuit court should have granted his PCR motion because there was a lack of a factual basis for the circuit court to accept his guilty pleas. Jones claims that

---

[1] Mississippi Code Annotated section 99-19-23 (Rev. 2007) provides:

The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.

5

because the circuit court judge did not question him "on the factual circumstances surrounding his pleas . . . nor inquired of the prosecution as to what it would be able to prove if [the case] went to trial . . . [,]" there is an insufficient factual basis.

¶13. Mississippi Uniform Rule of Circuit and County Court 8.04(a)(3), in pertinent part, states: "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." In *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013), this Court stated:

> Just as there is more than one way to skin the proverbial cat, there are numerous ways to establish a factual basis for a guilty plea. We have previously noted that a guilty plea may be factually undergirded by a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as *well as an actual admission by the defendant. And if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea.*

(Emphasis added and internal citations omitted).

¶14. At the guilty-plea hearing, the circuit court read each count of Jones's indictment aloud in Jones's presence. As to the possession with intent to distribute, the indictment charged that on or about February 8, 2006, in Pontotoc County, Mississippi, Jones "did willfully, unlawfully[,] and feloniously have in [his] possession a quantity of cocaine, a Schedule II controlled substance, said quantity being equal to 107.56 grams[,] with intent to sell, transfer[,] or distribute same, in violation of the Uniform Controlled Substance Act of the State of Mississippi." His indictment for eluding a law-enforcement officer read that on or about February 8, 2006, in Pontotoc County, Mississippi, Jones

> did willfully, unlawfully[,] and feloniously, after having been given a visible or audible signal by a law[-]enforcement officer, by hand, voice, emergency light[,] or siren directing [Jones] to bring [his] vehicle to a stop by a law[-

6

]enforcement officer, acting within the lawful performance of duty and who had reasonable suspicion to believe that [Jones] had committed a crime, . . . fail to obey such direction and did operate a motor vehicle in such matter as to indicate reckless or willful disregard to the safety of persons or property and/or did manifest extreme indifference to the value of human life.

The final charge was as follows: that on or about February 8, 2006, in Pontotoc County, Mississippi, Jones "did willfully, unlawfully[,] and feloniously endanger the person or health of Kayla Corrothers by knowingly causing or permitting a child to be present where other persons – any person – was selling, manufacturing[,] or possessing immediate precursors or chemical substances, with the intent to manufacture[,] sell[,] transfer[,] or distribute . . . ." After the circuit court read each count, Jones indicated that he understood the charge. Then, when questioned by the circuit court as to whether he wished to plead guilty to each count, Jones stated: "Guilty, sir." Jones went on to say: "I'm sorry for committing these crimes."

¶15. From this, we find the record contains an adequate factual basis to support Jones's guilty pleas. This issue is without merit.

¶16. **THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**