# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00558-COA

**BARRON BORDEN A/K/A BARRON LECOUR BORDEN A/K/A BAM**  APPELLANT

v.

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT:       04/01/2014
TRIAL JUDGE:        HON. DALE HARKEY
COURT FROM WHICH APPEALED:   JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    BARRON BORDEN (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
             BY: LISA L. BLOUNT
NATURE OF THE CASE:      CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:    MOTION FOR POST-CONVICTION RELIEF
             DISMISSED
DISPOSITION:        AFFIRMED - 09/29/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.   Barron Borden, Eddie Pugh, and Torenda Whitmore were indicted for the capital murder of Kelsey McCoy, with the underlying felony of kidnapping; aggravated assault of Rahman Mogilles; and third-degree arson of Mogilles's vehicle. On October 8, 2008, Borden and Pugh were convicted in the United States District Court for the District of Southern Mississippi of the following federal offenses: (1) conspiring to commit kidnapping; (2) kidnapping and aiding and abetting the kidnapping of McCoy; (3) kidnapping and the aiding and abetting of the kidnapping of Mogilles; (4) felon in possession

of a firearm; and (5) possession of a firearm in connection with a crime of violence. *See United States v. Pugh*, No. 1:08-CR-00130-WJG-RHW, 2009 WL 2928757, at *1 (S.D. Miss. Sept. 11, 2009). Both Borden and Pugh were sentenced to life imprisonment, plus five years.[1]

¶2. On January 6, 2011, Borden entered a guilty plea in the Jackson County Circuit Court to capital murder and an *Alford* plea to third-degree arson.[2] He was sentenced on January 14, 2011, to life imprisonment without parole for capital murder and to three years imprisonment for arson, with the sentences to run concurrently. Borden's Mississippi convictions were to run consecutively to his federal sentences.

¶3. Borden filed a motion for post-conviction relief (PCR) on January 24, 2012, which asserted that (1) his counsel's performance was ineffective; (2) his plea was not voluntarily, knowingly, and intelligently given; (3) he was legally innocent; and (4) there was no factual basis to support his guilty plea and *Alford* plea. The circuit court denied the PCR motion, and on appeal, this Court affirmed the judgment. *Borden v. State*, 122 So. 3d 818, 825 (¶29) (Miss. Ct. App. 2013).

¶4. Borden filed a Request for Relief from Judgment Under Rule 60(b)(b), on February

---

[1] After a jury trial in Jackson County Circuit Court, Pugh was convicted of capital murder, aggravated assault, and third-degree arson, for which he received consecutive sentences of life for capital murder, twenty years for aggravated assault, and three years for third-degree arson. This Court affirmed these convictions in *Pugh v. State*, 101 So. 3d 682 (Miss. Ct. App. 2012).

[2] In *North Carolina v. Alford,* 400 U.S. 25, 37 (1970), the Supreme Court ruled that a defendant may plead guilty, without admitting to the actual guilt of the charged crime, in order to avoid conviction and a potentially harsher sentence at trial.

14, 2014, claiming he was subjected to double jeopardy, as he was convicted for the same crime in both federal and state jurisdictions, and his counsel was ineffective for failing to raise this issue. Treating the request as a PCR motion, the circuit court dismissed it as a successive writ on April 1, 2014.

¶5. Finding that the issues raised by Borden on appeal have no merit, we affirm the circuit court's dismissal of Borden's motion.

## DISCUSSION

¶6. Borden argues that the circuit judge erred in dismissing his PCR motion as a successive writ. A circuit court's dismissal or denial of a PCR motion is reviewed for abuse of discretion. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). A circuit court "may summarily dismiss a PCR motion where 'it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Id*. at 838-39 (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2010)). "We will only reverse if the [circuit] court's decision is clearly erroneous." *Id*. at 838 (citing *Crosby v. State,* 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). Questions of law are reviewed de novo. *Id*. (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)).

¶7. Mississippi Code Annotated section 99-39-23(6) (Supp. 2014) states that an order "dismissing the petitioner's motion or otherwise denying relief . . . is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Borden does not dispute on appeal that his PCR motion is a successive writ. However, he contends that his state convictions for capital murder while in the commission

3

of kidnapping and arson subjected him to double jeopardy, a fundamental right that excepts his claims from any procedural bars. *See Rowland v. State*, 42 So. 3d 503, 507-508 (¶¶12, 14) (Miss. 2010) (holding fundamental rights, such as double jeopardy, "are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]").[3] His reasoning is that he already had been convicted in federal court for the same offenses.

¶8.     We find no merit to Borden's claim that his Mississippi convictions subjected him to double jeopardy. The Mississippi Supreme Court has held that the "principles of dual sovereignty will not bar a subsequent state prosecution following a federal conviction." *Evans v. State*, 725 So. 2d 613, 659 (¶172) (Miss. 1997).

> The Dual Sovereignty doctrine recognizes that more than one offense results where a single criminal act violates the laws of more than one State or a State and the Federal Government. When such is the case, the defendant is not subjected to double jeopardy in successive prosecutions by the separate sovereigns for the same criminal act.

*Brown v. State*, 731 So. 2d 595, 600 (¶12) (Miss. 1999) (citing *Heath v. Alabama,* 474 U.S. 82, 86 (1985)). Therefore, "a defendant can be prosecuted in both sovereigns for the same criminal act emanating from a common nucleus of facts, without running afoul of double jeopardy." *Maston v. State*, 802 So. 2d 186, 188 (¶10) (Miss. Ct. App. 2001).

---

[3] Borden's motion is also subject to the three-year time-bar. *See* Miss. Code Ann. § 99-39-5(2) (Supp. 2014) ("A motion for relief under this article shall be made. . . . in [the] case of a guilty plea, within three (3) years after entry of the judgment of conviction."). We acknowledge that the reason for the delay appeared to be because Borden was awaiting the outcome of his first appeal to this Court before filing his motion for relief. (The mandate was issued on February 11, 2014, and Borden filed his request for relief on February 14, 2014.) Regardless, this procedural bar is governed by the same analysis as the successive-writ bar.

¶9. While the acts committed by Borden arose from of the same set of facts and circumstances, they constitute violations of the laws of two separate sovereigns. Therefore, there was no violation of Borden's fundamental right against double jeopardy.

¶10. Borden's remaining claim is that counsel was ineffective for failing to "raise the double[-]jeopardy defense." As we have found Borden's double-jeopardy claim to be without merit, we decline to address this issue on appeal. *See Fair v. State*, 102 So. 3d 1165, 1168 n.3 (Miss. Ct. App. 2012) (declining to address argument that "counsel rendered ineffective assistance by advising [defendant] to plead guilty to a multi-count indictment that subjected him to double jeopardy," as there was no merit to underlying claim of double jeopardy).

¶11. Accordingly, we find that the circuit court did not err in dismissing Borden's PCR motion.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**