¶ 1. Russell T. Campbell, appearing pro se, appeals the judgment of the Alcorn County Circuit Court, which dismissed his motion for post-conviction relief. Finding no error, we affirm.
 STATEMENT OF FACTS AND PROCEDURAL HISTORY ¶ 2. In April 1999, an Alcorn County grand jury indicted Campbell for selling cocaine. Campbell was charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2000).[1] On November 17, 1999, Campbell pleaded guilty to selling cocaine. On the same date, the circuit court granted the State's motion to reduce Campbell's charge to that of a non-habitual offender. On January 14, 2000, the circuit court sentenced Campbell to serve twelve years in the custody of the Mississippi Department of Corrections (MDOC), with six years suspended and five years of post-release supervision. The sentencing order discussed the terms of the post-release supervision pursuant to Mississippi Code Annotated section 47-7-34 (Rev. 2004).[2] The order also required Campbell to pay court costs, restitution, and a fine of $5,000. The order was signed by the circuit court judge; however, it was neither signed by Campbell nor a probation field officer, as designated. *Page 415 
 ¶ 3. Campbell states that he was released from incarceration in December 2003. The next document in the record is an affidavit for violation of his post-release supervision, which was filed with the circuit court on August 22, 2005. The affidavit states that Campbell failed to report, as directed, for the months of January through August 2005, and he failed to pay supervision fees and court-ordered fees. Therefore, a warrant for Campbell's arrest was issued on August 17, 2005. However, in January 2006, an order dismissing the affidavit and warrant of probation violation was entered by the circuit court. Then, in October 2006, an order revoking Campbell's post-release supervision was entered because Campbell had violated the terms and conditions of his post-release supervision; specifically, Campbell was arrested and charged by the Corinth Police Department on May 12, 2006, for the crime of possession of a controlled substance. On March 1, 2007, the circuit clerk entered Campbell's pro se motion for post-conviction relief for his November 1999 conviction. In it, Campbell argued that the circuit court erred in suspending his sentence and sentencing him to post-release supervision in violation of Mississippi Code Annotated section 47-7-33
(Rev. 2004), as he is a prior convicted felon.[3] The circuit court dismissed Campbell's motion, stating that he was correctly sentenced under Mississippi law. Aggrieved, Campbell appeals, raising two issues: (1) whether the circuit court erred in dismissing his motion for post-conviction relief because his sentence was improper, as he was a previously convicted felon and not eligible for post-release supervision; and (2) whether his conditional release was illegally revoked.
 STANDARD OF REVIEW ¶ 4. For post-conviction relief, this Court will not disturb the findings of the trial court unless they are found to be clearly erroneous. Brown v. State,731 So.2d 595, 598 (¶ 6) (Miss. 1999). Questions of law are reviewed de novo. Id.
 ANALYSIS 1. Whether the circuit court erred in dismissing Campbell's motion for post-conviction relief because his sentence was illegal under Mississippi Code Annotated section 47-7-34 (Rev. 2004).
 ¶ 5. We note at the outset of this issue that Campbell's motion before the circuit court was filed more than three years after the entry of Campbell's judgment of conviction. The circuit court judge signed an order dated November 17, 1999, accepting Campbell's plea of guilty. A sentencing hearing was set for January 2000. Campbell signed his motion for post-conviction relief on February 14, 2007, and the circuit clerk entered it on March 1, 2007.
 ¶ 6. For defendants who have pleaded guilty, a motion for post-conviction relief must be made within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2000). Excepted from the three-year statute of limitations are cases where the prisoner claims his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked. Id. Additionally, the supreme court has carved out an exception to procedural bars when necessary to protect a fundamental right such as the right to a legal sentence. Ivy v. State, 731 So.2d 601,603 (¶ 13) (Miss. 1999) (citing Luckett v. State,582 So.2d 428, 430 *Page 416 
(Miss. 1991)); Sneed v. State, 722 So.2d 1255,1257 (¶ 11) (Miss. 1998). Thus, post-conviction relief petitions alleging an illegal sentence are not subject to the time bar.Jackson v. State, 965 So.2d 686, 690 (¶ 11) (Miss. 2007).
 ¶ 7. In his motion before the circuit court, Campbell argues that his sentence was illegal under section 47-7-33, which allows a court to grant post-release supervision to certain defendants, but prohibits suspended sentences and probation for defendants with prior felony convictions. Miss. Code Ann. § 47-7-33 (Rev. 2004). Thus, Campbell argues that he was improperly induced to plead guilty by an illegal suspended sentence. Campbell cites to Goss v. State,721 So.2d 144, 146 (¶ 12) (Miss. 1998), which holds that the language of section 47-7-33 restricts the ability of the court to place prior felons on probation or suspend their sentences. However, as the circuit court notes in its order dismissing Campbell's petition for post-conviction relief, Goss was overruled by Johnson v. State, 925 So.2d 86 (Miss. 2006), thereby allowing for suspended sentences for defendants who have been convicted of a prior felony. The Johnson
court explained:
 With the passage of the legislation that created the Post-Release Supervision Program, the legislature expressly restored the trial court's sentencing authority. Moreover, the sentencing mechanism set forth in Miss. Code Ann. Section 47-7-34 provides this Court with the statutory impetus to uphold substantively proper sentencing, which might otherwise have been struck down as "illegal" under Miss. Code Ann. Section 47-7-33(1). . . . For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend, in whole or in part, a convicted felon's sentence under Miss. Code Ann. [Section] 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under Miss. Code Ann. [Section] 47-7-34. . . .
Id. at 99-100 (¶ 25), 103 (¶ 32).
 ¶ 8. Before this Court, Campbell also claims a violation of section 47-7-34, which gives the courts authority to sentence a convicted felon to a term of post-release supervision, and section 47-7-47 (Rev. 2004), which sets out the conditions under which an offender may be placed in the earned-probation program. Specifically, Campbell notes that according to section 47-7-47(2)(c), a person convicted of a crime that carries a mandatory sentence "shall not be eligible for earned probation." We assume Campbell is referring to the "mandatory" sentence he would receive as a habitual offender pursuant to section 99-19-81. Campbell claims the language of sections 47-7-33, 47-7-34, and 47-7-47 are in conflict, thus depriving him of a legal sentence.
 ¶ 9. On the merits, we find that the circuit court did not err in sentencing Campbell to twelve years, with six years suspended and five years of post-release supervision. Sentencing is "within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." Jackson,965 So.2d at 688 (¶ 6) (quoting Reynolds v. State, 585 So.2d 753,756 (Miss. 1991)). The circuit court, after hearing an agreed motion to reduce Campbell's charge from a habitual to a non-habitual offender, granted the motion on the same day Campbell pleaded guilty. Thus, Campbell was not considered a habitual offender for sentencing purposes, and his sentence could not be considered "mandatory" under 47-7-47(2)(c); therefore, Campbell was eligible for earned probation. Furthermore, under Johnson, suspension *Page 417 
of a convicted felon's sentence is proper and under the sound discretion of the trial court due to the passage of section 47-7-34. Johnson, 925 So.2d at 99 (¶ 24). TheJohnson court specifically held that circuit and county courts have the power to suspend sentences for prior convicted felons that would have been considered illegal under section 47-7-33(1). Id. at 102 (¶ 31). TheJohnson court explains: "No longer can prior convicted felons take advantage of the statutory windfall which temporarily existed in Section 47-7-33 that allowed for felons to characterize what in effect was a more lenient sentence, as being somehow an `illegal' sentence." Id.
Accordingly, there is no conflict between the various statutes Campbell cites. This issue is without merit.
 2. Whether Campbell's post-release supervision was illegally revoked.
 ¶ 10. On October 13, 2006, the State petitioned the circuit court to revoke Campbell's post-release supervision and invoke his six-year-suspended sentence because he was arrested and charged with the crime of possession of a controlled substance on May 12, 2006.
 ¶ 11. Campbell argues that he was not fully informed as to the conditions of his post-release supervision under section 47-7-34(2), which states that post-release supervision shall be conducted like supervised probation, and the defendant shall abide by any terms and conditions established by the court. Specific conditions in Campbell's sentencing order include, first and foremost, committing no offenses against the laws of Mississippi or the United States. Other conditions include reporting to MDOC and paying his fines. Campbell notes the order explaining the conditions was only signed by the judge, and not signed by himself or the "field officer," as indicated on the order. Campbell claims his due process rights were violated for lack of notice because he did not know about these specific conditions. Further, he argues that his suspended sentence was revoked for failing to report to his probation officer. Finally, Campbell also claims that his suspended sentence was revoked because he failed to pay his court-ordered fines.
 ¶ 12. The State argues that an order revoking probation or suspension of sentence is not appealable. The State is correct in that Campbell cannot directly appeal the revocation order of October 2006. However, the State is incorrect in that the issue can be raised in a petition for post-conviction relief, as Campbell did, and appeals can be taken from the court's order regarding the petition, as was done here.
 ¶ 13. As Campbell states, the record shows he did not sign the order explaining the exact conditions of his suspended sentence. However, we do not find this oversight equates to an illegal revocation of his sentence. More important is the fact that Campbell's post-release supervision was not revoked for the mere failure to report or pay fines; instead, his post-release supervision was revoked because of an arrest and charge by the Corinth Police Department for possession of a controlled substance. Campbell fails to mention this arrest and charge in his brief. We find no error in the suspension of Campbell's post-release supervision and the revocation of his suspended sentence based on his subsequent arrest and being charged with a felony. Therefore, this issue is without merit.
 ¶ 14. Accordingly, we affirm the circuit court's dismissal of Campbell's petition for post-conviction relief. *Page 418 
 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORNCOUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORNCOUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] This statute provides that every person convicted of a felony, who has been convicted of any felony or federal crime twice previously when the charges arise out of separate incidents at different times, and who is sentenced to separate terms of one year or more, shall be sentenced to the maximum term of imprisonment for that felony, and the sentence shall not be reduced, suspended, nor shall the person be eligible for parole or probation. Miss. Code Ann. § 99-19-81 (Rev. 2000). Campbell had pleaded guilty twice before, in 1994 and 1996, and was sentenced to serve three years in each cause.
[2] This statute gives the courts authority to sentence a convicted felon to a term of post-release supervision. Miss. Code Ann. § 47-7-34(1) (Rev. 2004). However, failure to abide by the terms and conditions established by the court may terminate the post-release supervision and recommit the defendant to the correction facility from which he was previously released. Miss. Code Ann. § 47-7-34(2) (Rev. 2004).
[3] This statute states, in pertinent part, that the circuit court has the power to suspend the defendant's sentence and place him on probation, except where the defendant has been convicted of a felony on a previous occasion. Miss. Code Ann. § 47-7-33(1) (Rev. 2004).