ISHEE, J., for the Court:
¶ 1. In 2008, Brandon Celestine was sentenced by the Pike County Circuit Court to ten years in the custody of the Mississippi Department of Corrections (MDOC) for gratification of lust. The sentence mandated that Celestine serve two years of the sentence in prison, with eight years suspended and five years of post-release supervision (PRS). In April 2010, the circuit court held a PRS revocation hearing after Celestine tested positive for alcohol usage in violation of the terms of his PRS. The circuit court subsequently revoked Celestine’s PRS and remanded him to serve the remainder of his sentence in prison. Celestine filed subsequent pleadings attacking the judgment of revocation. The pleadings were treated as mo *635 tions for PCR by the circuit court. On January 23, 2013, the last such motion was dismissed as a successive writ. Aggrieved, Celestine now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On June 16, 2008, Celestine was sentenced to ten years in the custody of the MDOC, with eight years suspended. After serving two years, he was released on PRS for a period of five years. Shortly after his release, on March 25, 2010, Celes-tine met with his PRS officer, Officer Todd Dillon. Officer Dillon tested Celestine for alcohol usage, and the results were positive. Since one of the terms of Celestine’s PRS was a prohibition against the consumption of alcohol, Celestine was in violation of his PRS.
¶ 3. A revocation hearing took place on April 19, 2010. Officer Dillon testified that he had collected samples for a drug and alcohol test on the day in question. He stated that he then sent the samples to a State laboratory for testing. Upon receipt of the positive test results, Officer Dillon confronted Celestine, who admitted his use of alcohol, contrary to the terms of his PRS. At the PRS revocation hearing, Cel-estine testified and apologized on the record for his usage of alcohol. The circuit court then revoked his PRS and ordered him to serve the remainder of his sentence in prison.
¶ 4. In February 2011, Celestine filed a motion for reconsideration. The circuit court treated the motion as one for PCR, and denied it. Celestine then filed a second document titled “Factual Matters” in July 2012, alleging that Officer Dillon failed to follow proper procedures in administering the drug and alcohol test. The circuit court again treated the document as a PCR motion and dismissed it as a successive writ. Later, in December 2012, Celestine filed a document titled “Notice and Proposal Order.” Therein, he asked for reconsideration of his prior motion. The circuit court treated it as another PCR motion and dismissed it as a successive writ. Celestine now appeals.
DISCUSSION
¶ 5. We will not disturb a circuit court’s denial of a PCR motion unless the decision is found to be clearly erroneous. Carbin v. State, 942 So.2d 231, 233 (¶4) (Miss.Ct.App.2006). Questions of law are reviewed de novo. Id. Furthermore, Mississippi Code Annotated section 99-39-23(6) (Supp.2013) provides that a PCR movant cannot raise any issue that has been addressed in a final judgment with specific findings of facts and conclusions of law. Any motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ. Id.
¶ 6. Here, Celestine raises issues presented to the circuit court in his prior PCR motions regarding the legality of the circuit court’s revocation of his PRS. Since these issues have been previously adjudicated by the circuit court prior to Celestine’s final PCR motion, the issues were procedurally barred. We find no error in the circuit court’s dismissal of Celestine’s PCR motion.
¶ 7. Procedural bar notwithstanding, Celestine’s issues on appeal remain meritless. He asserts that his rights were violated during the revocation hearing. Specifically, Celestine argues that it was manifest error for the lab analyst who provided the results of the drug and alcohol test to not testify at the revocation hearing. Celestine claims that his right to confront witnesses against him was violated when the lab analyst’s written report and accompanying certificate of validity *636 were introduced at the hearing in place of live witness testimony.
¶ 8. It is well settled that Mississippi enforces minimal due-process requirements for revocation hearings. See Riely v. State, 562 So.2d 1206, 1210 (Miss.1990). Such requirements have been gleaned from the United States Supreme Court, which has noted that “the revocation of parole is not part of a criminal prosecution and thus the panoply of rights due a defendant in such a proceeding does not apply to parole revocations.” Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The following requirements are all that must be met in order for due process to have been provided in revocation hearings:
(a) [W]ritten notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.
Riely, 562 So.2d at 1210.
¶ 9. Here, Celestine failed to make a contemporaneous objection at the time the lab analyst’s report was presented at the hearing. Furthermore, he never requested to question the lab analyst. These issues were not raised until Celestine’s second and third PCR motions. The Mississippi Supreme Court has previously held that the failure to make a contemporaneous objection to an issue serves as a procedural bar on appeal. See Grubb v. State, 584 So.2d 786, 789 (Miss.1991).
¶ 10. Finally, Celestine argues that the evidence before the circuit court did not prove beyond a reasonable doubt that he failed the drug and alcohol test in violation of his PRS. This assertion is misplaced. In order to revoke PRS, the State must show either proof of an actual conviction or that an act occurred which constitutes violation of a PRS term and that it was the probationer who more likely than not committed the act. See McClinton v. State, 799 So.2d 123, 127 (¶ 9) (Miss.Ct.App.2001) (citations omitted). This standard is significantly lower than the beyond-a-reasonable-doubt standard noted by Celestine. Moreover, the State provided substantial evidence showing that Celestine used alcohol in violation of the terms of his PRS. These issues are without merit.
¶11. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.