# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00078-COA

CURTIS C. EVANS A/K/A CURTIS CHRISHAUN                 APPELLANT
EVANS A/K/A CURTIS EVANS

v.

STATE OF MISSISSIPPI                                                    APPELLEE

DATE OF JUDGMENT:                12/17/2014
TRIAL JUDGE:                         HON. MICHAEL H. WARD
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       CURTIS C. EVANS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                     BY: LISA L. BLOUNT
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DENIED MOTION FOR POSTCONVICTION
                                     RELIEF
DISPOSITION:                       AFFIRMED - 04/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON  AND JAMES, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Curtis Chrishaun Evans pled guilty to armed robbery, and a trial judge sentenced

Evans to serve sixteen years in the custody of the Mississippi Department of Corrections

(MDOC), with eight years suspended and eight years to serve, followed by three years of

postrelease supervision (PRS).  While on PRS, Evans was arrested for robbery and indecent

exposure.

¶2.     After a revocation hearing on the matter, the trial court revoked Evans's PRS and

sentenced him to serve his original sixteen-year sentence in the custody of the MDOC, with

credit received for time served. Evans filed a motion for postconviction relief (PCR), which the trial court denied. Evans now appeals to this Court, claiming: (1) that he was denied legal representation at the probation-revocation proceedings; (2) that he failed to receive an initial appearance; (3) that he received an illegal sentence; and (4) that the trial court failed to advise him he could appeal his sentence. Finding no error, we affirm the trial court's denial of Evans's PCR motion.

**FACTS**

¶3. On August 13, 2002, Evans pled guilty to the indicted charge of armed robbery. The trial judge sentenced Evans to serve sixteen years in the custody of the MDOC, with eight years suspended and eight years to serve, followed by three years of PRS.[1]

¶4. The record reflects that on July 15, 2009, Evans was placed on PRS for a period of three years. On April 18, 2010, the Gulfport Police Department arrested Evans for robbery and indecent exposure. On April 23, 2010, a petition to revoke Evans's PRS was filed due to Evans's arrest and his failure to pay supervision fees and court costs. Evans signed a waiver of his right to a preliminary probation-revocation hearing.

¶5. The trial court held a revocation hearing on July 6, 2010. The transcript from the revocation hearing reflects that Evans admitted that he possessed awareness of his August 2010 charge for robbery and indecent exposure. Evans also admitted that he owed $220 in supervision fees and that he had never made a payment towards his balance of $1,322.50

---

[1] Evans's sentencing order reflects that he also pled guilty to a burglary charge and was sentenced to seven years in the custody of the MDOC, to run concurrently with his armed-robbery sentence.

2

with the trial court. Evans confirmed that he did sign the document waiving his right to a preliminary probation-revocation hearing.

¶6. At the revocation hearing, the trial court also heard testimony from Allison Long, a field officer with the MDOC, and Officer Samuel Jewel of the Gulfport Police Department, regarding the facts surrounding Evans's arrest for robbery and indecent exposure. Evans provided testimony admitting to the facts surrounding his arrest.

¶7. After finding that Evans violated the terms of his PRS, the trial court entered an order revoking Evans's PRS and sentencing him to serve his original sixteen-year sentence in the custody of the MDOC, with credit received for time served. The order reflects that "[a]fter a call of the case and hearing testimony, [Evans] confessed that he violated his probation."

¶8. On November 12, 2013, Evans filed a PCR motion, claiming the trial court illegally revoked his PRS; that he was denied assistance of counsel at the revocation hearing; that the evidence against him was not disclosed at the hearing; that he was not given the opportunity to present witnesses and documentary evidence; and that he was not advised of his right to confront and cross-examine adverse witnesses. The trial court ordered the State to respond to Evans's PCR motion, and also ordered the revocation hearing transcribed.

¶9. In the State's response to Evans's PCR motion, the State claimed that the motion was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), explaining that Evans's probation was revoked on July 6, 2010, and Evans failed to file his PCR motion until November 12, 2013. The State maintained that Evans's remaining issues lacked merit.

3

¶10. On December 17, 2014, the trial court entered an order denying Evans's PCR motion. Evans now appeals.

## STANDARD OF REVIEW

¶11. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Lackaye v. State*, 166 So. 3d 560, 562 (¶5) (Miss. Ct. App. 2015).

## DISCUSSION

¶12. As a procedural matter, we recognize that section 99-39-5(2) mandates that a movant has three years to file a PCR motion. The failure to file a PCR motion within the three years procedurally bars the issue. The record before us reflects that the trial court revoked Evans's PRS on July 6, 2010. Evans failed to file a PCR motion regarding his PRS revocation until November 12, 2013, more than three years after his PRS was revoked.

¶13. However, section 99-39-5(2)(b) provides an exception from the time-bar for "those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." The Mississippi Supreme Court has explained that "The [Uniform Postconviction Collateral Relief Act] is unambiguous as it relates to parole revocations. Indeed, it could not be more clear: it excepts claims of unlawful parole revocation from its three-year limitations period." *Magee v. State*, 152 So. 3d 1193, 1197 (¶10) (Miss. Ct. App. 2014) (citing *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 678 (¶12) (Miss. 2001)); *see also Leech v. State*, 994 So. 2d 850, 853 (¶9) (Miss. Ct.

4

App. 2008) (PCR motion alleging unlawful revocation of probation is not subject to the time-bar of section 99-39-5(2)). Accordingly, we turn to address Evans's assignments of error.

## I. Appointment of Counsel

¶14. Evans first argues that he should have been afforded legal representation at the probation-revocation proceedings. Evans claims that the record shows that the trial court never advised him of his right to assistance of counsel.

¶15. The Mississippi Supreme Court has stated that "there is no automatic right to counsel at hearings for the revocation of probation." *Mayfield v. State*, 822 So. 2d 332, 334 (¶5) (Miss. Ct. App. 2002) (citing *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990)); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26 (1981). The supreme court clarified that a probationer has a "right to appointed counsel at a revocation hearing only when the issues are complex." *Mayfield*, 822 So. 2d at 334 (¶5). Furthermore, the United States Supreme Court has held that the decision of whether counsel is to be provided at a revocation hearing is one that is to be made on a case-by-case basis. *Pruitt v. State*, 953 So. 2d 302, 305 (¶9) (Miss. Ct. App. 2007) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

¶16. In his order denying Evans's PCR motion, the trial judge stated that the issues relevant to the revocation of Evans's PRS were neither complex nor difficult to develop—the decision to revoke Evans's probation turned simply on whether or not he had committed the violations of which he was accused. Evans admitted to the trial court that he owed $220 in supervision fees and had failed to make payments towards his court costs. Evans also provided testimony admitting to the facts surrounding his arrest. The trial court also found that "at no point did

5

Evans request counsel, the assistance of counsel, or additional time to obtain counsel." The record reflects that Evans waived his right to a preliminary hearing.

¶17.    We find no error in the trial court's findings; accordingly, this issue lacks merit.

## II.    Initial Appearance

¶18.    Evans next argues that he failed to receive an initial appearance. Evans claims that his initial appearance is the time in the proceedings when he would have learned of his rights regarding counsel.

¶19.    We recognize that "[a] defendant facing the revocation of his probation [or PRS] is constitutionally entitled to receive a preliminary hearing in which a hearing officer determines whether probable cause exists to hold the defendant for a final decision concerning revocation." *Smith v. State*, 94 So. 3d 335, 339 (¶7) (Miss. Ct. App. 2011). However, a defendant may waive his right to a preliminary hearing and instead proceed to the final revocation hearing. *Id.*; *see Riely*, 562 So. 2d at 1210.

¶20.    This Court has held that where a defendant "signed a waiver and was . . . afforded a petition setting forth his probation violations" and had an opportunity to defend himself, then he properly received notice of his alleged violations and no due-process violation occurred. *Smith,* 94 So. 3d at 339 (¶9); *Crowell v. State*, 801 So. 2d 747, 750-51 (¶¶10-11) (Miss. Ct. App. 2000). The record before us reflects that Evans signed a waiver of his right to a preliminary probation-revocation hearing, which set forth Evans's alleged violations. By signing this document, Evans waived his right to a preliminary probation-revocation hearing. The transcript from the revocation hearing also shows that Evans possessed the opportunity

6

to defend himself against the allegations as well as question the witnesses. We thus find that Evans voluntarily waived his right to a preliminary hearing and no violation of his due-process rights occurred. This issue is therefore without merit.

### III. Illegal Sentence

¶21. Evans claims that he received an illegal sentence, which the trial court imposed in violation of his fundamental rights. Evans provides no further explanation or argument regarding this assignment of error. We remind Evans that "[t]he burden is on the PCR movant to show he . . . is entitled to relief by a preponderance of the evidence." *Smith v. State*, 129 So. 3d 243, 245 (¶5) (Miss. Ct. App. 2013). The PCR movant further "bears the burden of presenting a record which is sufficient to undergird his assignments of error." *Id.* at (¶6).

¶22. In turning to the merits of Evans's claim, we recognize that "[t]he right of freedom from an illegal sentence is a fundamental right[, which] . . . is violated when the sentence imposes an undue burden on the defendant[.]" *Pruitt v. State*, 846 So. 2d 271, 274 (¶9) (Miss. Ct. App. 2002) (internal citations omitted). In the recent case of *Jones v. State*, 119 So. 3d 323, 326 (¶6) (Miss. 2013), the supreme court affirmed the trial court's denial of a PCR motion where the defendant's sentence was "within statutory guidelines" and where the defendant had "not explained how his sentence [was] illegal." In the present case, Evans pled guilty to armed robbery, and the trial court sentenced him to serve sixteen years in the custody of the MDOC, with eight years suspended and eight years to serve, followed by three years of PRS. Mississippi Code Annotated section 97-3-79 (Rev. 2014) provides:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, *shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury*; *and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years*.

(Emphasis added). We thus find that the sentence imposed upon Evans was within the statutory guidelines.

¶23. After the probation-revocation hearing, the trial court entered an order revoking Evans's PRS and sentencing him to serve his original sixteen-year sentence in the custody of the MDOC, with credit received for time served. After our review of the record, we find Evans failed to meet his burden of proof to show that his sentence was illegal. We further find that Evans's sentence, falling within the statutory guidelines, was legally imposed. This assignment of error therefore lacks merit.

### IV. Right to Appeal

¶24. Evans argues that at his revocation hearing, the trial court failed to advise him he could appeal his sentence.[2]

¶25. We recognize that an order revoking probation is not appealable; instead, "the correct vehicle for legal redress is a [PCR motion], not a direct appeal of the revocation." *Payne v. State*, 966 So. 2d 1266, 1269 (¶10) (Miss. Ct. App. 2007). At the 2010 revocation hearing,

---

[2] Evans's PCR motion appears to refer to both his 2002 sentencing hearing and 2010 probation-revocation hearing. However, his PCR motion stems from his 2010 probation-revocation hearing, so we will address his claim with regard to that proceeding.

8

the trial court entered an order revoking Evans's PRS and sentencing him to serve his original sixteen-year sentence in the custody of the MDOC, with credit received for time served.

¶26.   In *Celestine v. State*, 143 So. 3d 633, 636 (¶8) (Miss. Ct. App. 2014), we held that

> the following requirements . . . must be met in order for due process to have been provided in revocation hearings:  (a) Written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking probation or parole.

(Citing *Riely*, 562 So. 2d at 1210).  We find no requirement that a trial court advise a defendant of his right to seek postconviction relief from a probation-revocation hearing. We thus find this issue lacks merit.

¶27.  **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**