# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00917-COA

**CARDIOS BARKER A/K/A CARDIOS M. BARKER**　　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/2015 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARDIOS BARKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this appeal, we must decide whether the Circuit Court of Lowndes County erred in denying Cardios Barker's motion for postconviction relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In April 2012, a Lowndes County grand jury indicted Barker for possessing less than 0.1 gram of cocaine in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2011). Before trial, the State submitted a motion to amend the indictment to charge Barker

as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).[1]

¶3.     After his trial began, Barker decided to plead guilty.  Barker's guilty-plea petition provided in relevant part:

> [A]nd the District Attorney shall make no recommendations to the Court concerning my sentence except as follows:
>
> . . . [A]sk for judicial review on habitual offender status [and] sentence accordingly.  District Attorney agrees not to seek an enhanced penalty under the habitual offender status but asks for the 4 year max sentence be habitual, fines [and] costs by court.

¶4.     The circuit court accepted Barker's plea on August 30, 2012.  However, the court withheld its ruling on the State's motion to amend the indictment and delayed sentencing until October 23, 2012, to provide Barker time to defend the claim that he was a habitual offender.

¶5.     At the sentencing hearing, the State presented evidence to show that Barker was a habitual offender.[2]  The State informed the circuit court:

> Pursuant to the agreement between counsel for the defendant and counsel for the State, the State is just seeking to amend the indictment to make him a[] habitual offender, not seeking to make him enhanced as [a] habitual offender. In other words, the maximum sentence would be four years as [a] habitual offender as opposed to eight years . . . .

And counsel for Barker responded:  "That's my understanding, also, Your Honor . . . . [T]he agreement was for him to serve [a] habitual term, not an enhanced term."  The circuit court

---

[1] Although the motion was not stamped as filed until the day of the trial, both parties agreed that the motion had been submitted the day before.

[2] In cause number 1999-0191-CR1, Barker was convicted of the sale of cocaine and sentenced to serve five years.  In cause number 1999-345-CR1, Barker was convicted of possession of .1 gram of cocaine and sentenced to serve three years.

granted the State's motion to amend the indictment, sentenced Barker to four years, and ordered Barker to pay a fine of $10,000.

¶6. After he was convicted and sentenced, Barker filed a PCR motion, where he claimed: (1) his sentence amounted to an illegal sentence because he was not indicted as a habitual offender, and (2) his attorney was ineffective for "fail[ing] to object to the [circuit court] sentencing [him] as a habitual offender absent a grand jury indictment." The circuit court denied Barker's motion without a hearing. Barker appeals.

## STANDARD OF REVIEW

¶7. "When reviewing a circuit court's dismissal of a PCR motion, this Court will only reverse a circuit court's factual findings if the findings are determined to be clearly erroneous." *Pickle v. State*, 115 So. 3d 896, 898 (¶10) (Miss. Ct. App. 2013) (citation omitted). Issues of law are reviewed de novo. *Id.*

¶8. This Court has recognized that a "circuit court may dismiss a [PCR motion] without an evidentiary hearing where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Id.* at 899 (¶12) (internal quotations and citation omitted).

## DISCUSSION

¶9. In his reply brief, Barker raises claims that were not raised in his PCR motion before the circuit court. "A defendant who fails to raise an issue in [his PCR motion] before the trial court may not raise that issue for the first time on appeal." *Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013) (quoting *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct.

App. 2009)).  Therefore, we limit our review to those issues raised in the circuit court.

### I.      Illegal Sentence

¶10.    Uniform Rule of Circuit and County Court Practice 7.09 provides:

> All indictments may be amended as to form but not as to the substance of the offense charged.  Indictments may also be amended to charge the defendant as [a] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement . . . .  Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.

¶11.    Barker claims his sentence amounted to an illegal sentence because he was not indicted as a habitual offender.  However, Barker's indictment was amended to charge him as such.  The record reflects that the circuit court delayed sentencing to afford Barker a fair opportunity to present a defense.  Thus, Barker was not unfairly surprised.

¶12.    Furthermore, this Court has held that an illegal sentence is "one that does not conform to the applicable penalty statute." *Shies v. State*, 185 So. 3d 1081, 1085 (¶13) (Miss. Ct. App. 2016) (citation omitted).  Section 99-19-81 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶13.    The State established that Barker had previously been convicted of two separate felonies, and that he had been sentenced to separate terms of one year or more.  Barker was sentenced for the subject offense to four years, which was the maximum term of

4

imprisonment under section 41-29-139. Thus, Barker's claim that he received an illegal sentence is without merit.

## II. Ineffective Assistance

¶14. In order to prevail on a claim of ineffective assistance of counsel, Barker must show: (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that but for counsel's errors, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Kyles v. State*, 185 So. 3d 408, 411 (¶4) (Miss. Ct. App. 2016) (citation omitted).

¶15. Barker claims his attorney was ineffective for "fail[ing] to object to the [circuit court] sentencing [him] as a habitual offender absent a grand jury indictment." However, Barker was indicted. And, after the State presented evidence of Barker's habitual-offender status, his indictment was amended to charge him as a habitual offender. Furthermore, Barker fails to show how the outcome would have been different without his counsel's alleged errors. Thus, Barker's claim that his counsel was ineffective is without merit.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**