# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00442-COA

**CURTIS C. EVANS A/K/A CURTIS CHRISHAUN**         **APPELLANT**
**EVANS A/K/A CURTIS EVANS**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

DATE OF JUDGMENT:        02/15/2017
TRIAL JUDGE:        HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:        HARRISON COUNTY CIRCUIT COURT,
       FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        CURTIS C. EVANS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
       BY: KATY TAYLOR GERBER
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:        AFFIRMED - 02/13/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Curtis Chrishaun Evans, appearing pro se, appeals the Harrison County Circuit Court's dismissal of his motion for postconviction relief (PCR). Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. In November 2001, Evans was indicted on one count of armed robbery and one count of burglary by a Harrison County grand jury. Evans pleaded guilty to the charges in 2002. On the armed-robbery count, he was sentenced to sixteen years in the custody of the Mississippi Department of Corrections (MDOC), with eight years suspended and eight years to serve, followed by three years of postrelease supervision (PRS). On the burglary count,

he was sentenced to seven years to run concurrently with count one.

¶3.     In April 2010, Evans was arrested for robbery and indecent exposure while on PRS. After a revocation hearing,[1] Evans's PRS was revoked, and he was sentenced to serve his original sentence in the custody of the MDOC.

¶4.     In 2013, Evans filed his first PCR motion and alleged the following:

> [that] the trial court illegally revoked his PRS; that he was denied assistance of counsel at the revocation hearing; that the evidence against him was not disclosed at the hearing; that he was not given the opportunity to present witnesses and documentary evidence; and that he was not advised of his right to confront and cross-examine adverse witnesses.

*Evans v. State*, 188 So. 3d 1256, 1259 (¶8) (Miss. Ct. App. 2016).

¶5.     In November 2016, Evans filed his second PCR motion, which was denied in February 2017.  Evans filed his notice of appeal in March 2017.  Evans now asserts that (1) he received an illegal sentence; (2) the circuit court did not advise him that he was waiving certain constitutional rights by pleading guilty; (3) he was denied effective assistance of counsel; and (4) the sentencing order discussing the terms of probation was void, because it did not contain his signature or the signature of a field officer.

**STANDARD OF REVIEW**

¶6.     "When reviewing a trial court's denial or dismissal of a PCR motion, we will only

---

[1] "The trial court held a revocation hearing on July 6, 2010." *Evans v. State*, 188 So. 3d 1256, 1259 (¶5) (Miss. Ct. App. 2016).  "The transcript from the revocation hearing reflects that Evans admitted that he possessed awareness of his August 2010 charge for robbery and indecent exposure." *Id*.  "Evans also admitted that he owed $220 in supervision fees and that he had never made a payment towards his balance of $1,322.50 with the trial court." *Id*.  "Evans confirmed that he did sign the document waiving his right to a preliminary probation-revocation hearing." *Id*.

2

disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Creppel v. State*, 199 So. 3d 715, 718 (¶8) (Miss. Ct. App. 2016).

**DISCUSSION**

¶7. The circuit court held that Evans's PCR motion was time-barred, successive, and without merit. We agree.

¶8. "A PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction." *Kennedy v. State*, 179 So. 3d 82, 83 (¶6) (Miss. Ct. App. 2015); *see also* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Evans filed his second PCR motion on November 22, 2016, approximately fourteen years and three months after he pleaded guilty in 2002. Therefore, we find his PCR motion is time-barred.

¶9. Additionally, Evans's PCR motion is successive-writ barred. "[A] trial court's denial of a PCR motion is a final judgment and bars a second or successive motion unless an exception applies." *Kennedy*, 179 So. 3d at 83 (¶6); *see also* Miss. Code Ann. § 99-39-23(6) (Rev. 2015). In the order dismissing Evans's second PCR motion, the circuit court found that "Evans failed to provide any legitimate reason that the successive-writ bar should not apply." We find that the circuit court properly dismissed Evans's successive PCR motion.

¶10. However, Evans asserts that his second PCR motion is exempt from the procedural bar, because he received an illegal sentence; because he waived his constitutional rights; because he received ineffective assistance of counsel; and because his sentencing order lacked his signature. "[I]n Mississippi, . . . only four types of 'fundamental rights' have been

3

expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims." *Kennedy*, 179 So. 3d at 83-84 (¶8) (quoting *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014)). However, we have previously held that "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016). Evans merely asserts certain constitutional-rights violations without having sufficient evidence to support them. Nevertheless, we will briefly discuss each of his claims before this Court.

## I. Illegal Sentence

¶11. Evans asserts that he received an illegal sentence and maintains that he is eligible for earned parole. However, Evans failed to raise this assertion in his first and second PCR motions. We have previously held that "[a] defendant who fails to raise an issue in his PCR motion before the trial court may not raise that issue for the first time on appeal." *Barker v. State*, 203 So. 3d 653, 655-56 (¶9) (Miss. Ct. App. 2016) (citation omitted).

¶12. Notwithstanding the procedural bar, this Court has held that "an illegal sentence is one that does not conform to the applicable penalty statute." *Id*. at 656 (¶12) (quotation marks omitted). Evans pleaded guilty to armed robbery and was sentenced to sixteen years in the custody of MDOC, with eight years suspended and eight years to serve, followed by three years of PRS. The sentencing order also reflected that Evans pleaded guilty to burglary and was sentenced to seven years in the custody of the MDOC, to run concurrently with the armed-robbery sentence.

¶13.    Mississippi Code Annotated section 97-3-79 (Rev. 2014) states:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

¶14.    Accordingly, we find that Evans's sentence, falling within the statutory guidelines, was legally imposed.  Therefore, this argument lacks merit.

## II.    Waiver of Constitutional Rights

¶15.    Evans asserts that he was not advised that his guilty plea waived his right to a trial by jury, the right to confront witnesses, and the protection against self-incrimination.  Again, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Stokes*, 199 So. 3d at 749 (¶10).  Evans confirmed that he signed a document waiving his right to a preliminary probation-revocation hearing.  *See Evans*, 188 So. 3d at 1259 (¶5).  Therefore, we find that this assertion lacks merit.

## III.    Ineffective Assistance of Counsel

¶16.    Evans asserts that his counsel's representation was ineffective, because his counsel failed to inform Evans that he would be waiving certain rights by pleading guilty.  We disagree with this assertion.

¶17.    In order to prevail on a claim of ineffective assistance of counsel, Evans must demonstrate two things: "(1) that his counsel's representation fell below an objective

5

standard of reasonableness; and (2) that but for counsel's errors, there is a 'reasonable probability' that the outcome of the proceeding would have been different." *Avery v. State*, 179 So. 3d 1182, 1188 (¶13) (Miss. Ct. App. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

¶18.    Evans's claim is not supported by affidavits or any evidence other than his own assertion that he received ineffective assistance of counsel. "[A] defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *Id*. at 1188-89 (¶13). As a result, "when [the defendant] fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id*. Therefore, we find Evans's claim fails.

### IV.    Evans's Signature

¶19.    Finally, Evans maintains that his constitutional right to notice was violated because the sentencing and probation order did not contain his signature or the signature of a field officer. However, Evans raises this issue for the first time before this Court. Again, "[a] defendant who fails to raise an issue in his PCR motion before the trial court may not raise that issue for the first time on appeal." *Barker*, 203 So. 3d at 655-56 (¶9).

¶20.    Notwithstanding the procedural bar, this Court addressed a similar issue in *Campbell v. State*, 993 So. 2d 413 (Miss. Ct. App. 2008). In *Campbell*, "the record show[ed the petitioner] did not sign the order explaining the exact conditions of his suspended sentence." *Id*. at 417 (¶13). However, the Court found that a simple oversight, such as the petitioner's omitted signature, did not equate to an illegal revocation of a sentence. *Id*. Accordingly, we

find no error in the suspension of Evans's PRS and imposition of his original sentence. Therefore, this issue is without merit.

¶21.    Accordingly, we find no error in the circuit court's dismissal of Evans's PCR motion.

¶22.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**