# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01292-COA

**ALEX CASTILLO-VALENCIA A/K/A ALEX STIVEEN CASTILLO-VALENCIA**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2023 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER TODD McALPIN |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALEX CASTILLO-VALENCIA (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/26/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     On June 17, 2020, Alex Castillo-Valencia pled guilty to four counts of burglary of a dwelling and one count of attempted burglary of a dwelling. On June 23, 2020, the Circuit Court of Madison County, Mississippi, sentenced Castillo-Valencia for each of the five convictions to twenty-five years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, and five years of post-release supervision. The sentences were ordered to run concurrently with each other.

¶2.     On August 17, 2023, Castillo-Valencia filed a motion for post-conviction collateral relief (PCR). He claimed his plea was involuntary and that he received ineffective assistance

of counsel, arguing that he pled guilty based on the erroneous advice of counsel. The circuit court denied Castillo-Valencia's claim and dismissed his PCR motion because it was filed after the three-year statutory time-bar and did not raise a valid exception.

## STANDARD OF REVIEW

¶3.     "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996)). When issues of law are raised, we apply a de novo review. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown*, 731 So. 2d at 598 (¶6)).

## ANALYSIS

¶4.     Castillo-Valencia appealed on three issues. First, he argues that the circuit court erred in finding that Castillo-Valencia was not entitled to any relief and summarily dismissing his PCR motion without further inquiry. Second, he argues that the circuit court erred by failing to inquire *why* his motion was filed after the three-year time-bar. Third, he argues that the circuit court erred by failing to address his "habeas claims" and the statutory exceptions under Mississippi Code Annotated section 99-39-5 (Rev. 2020).

¶5.     A defendant who pleads guilty to a charge and files a PCR motion under Mississippi Code Annotated section 99-39-5(2) must file it within three years after the judgment of conviction. The Mississippi Supreme Court has held that an untimely PCR motion is barred if it is filed beyond the three-year time period unless the claim fits within one of the express

2

statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). A claim of an involuntary guilty plea has not warranted an exception to the statutory time-bar. *Crockett v. State*, 334 So. 3d 1232, 1238 (¶18) (Miss. Ct. App. 2022). Regardless, the "judicially crafted" fundamental rights exception does not apply after *Howell*, where the Supreme Court held that "[t]he statute of limitations is a substantive, legislatively enacted law and not procedural, . . ." and judicial procedure of government should not change "the substantive law enacted by the Legislature" such as the three-year statute of limitations. *Howell*, 358 So. 3d at 615 (¶¶8-10) (citing *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (¶13) (Miss. 2003)). Likewise, a claim of ineffective assistance of counsel (a constitutional right) is not an exception to the statutory time-bar. *See id*.

¶6.    Castillo-Valencia's conviction and sentence were entered on June 23, 2020. His PCR motion was filed over three years later on August 17, 2023. His claims of an involuntary plea and ineffective assistance of counsel are not exceptions to the three-year time-bar. The circuit court correctly determined that Castillo-Valencia's motion was time-barred. Castillo-Valencia did not support his PCR motion with an affidavit or any evidence other than his own assertion that he received ineffective assistance of counsel. Time-bar notwithstanding, Castillo-Valencia's PCR motion "must fail" because it was not supported by affidavit. *See Evans v. State*, 237 So. 3d 1271, 1275 (¶18) (Miss. Ct. App. 2018). An ineffective-assistance-of- counsel claim must be pled with specificity and supported by affidavits other than the defendant's affidavit. *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citing *Robertson v. State*, 669 So. 2d 11, 13 (Miss. 1996)). "[W]hen the defendant fails to attach any supporting

3

affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail."

*Evans*, 237 So. 3d at 1275 (¶18) (citing *Avery v. State*, 179 So. 3d 1182, 1188-89 (¶13) (Miss. Ct. App. 2015)).

¶7.     Accordingly, we find no error in the circuit court's dismissal of Castillo-Valencia's PCR motion.

¶8.     **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, McCARTY, SMITH AND WEDDLE, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**