# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00348-COA

**ALEX CASTILLO-VALENCIA A/K/A ALEX STIVEEN CASTILLO-VALENCIA**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:                 03/05/2025
TRIAL JUDGE:                      HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:        MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           ALEX CASTILLO-VALENCIA (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 04/21/2026
MOTION FOR REHEARING FILED:

### BEFORE BARNES, C.J., LAWRENCE AND LASSITTER ST. PÉ, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Alex Castillo-Valencia appeals the Madison County Circuit Court's March 5, 2025 order denying his claims and dismissing his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## Facts and Procedural History

¶2.     On June 17, 2020, Castillo-Valencia entered a guilty plea "to four counts of burglary of a dwelling and one count of attempted burglary of a dwelling." *Castillo-Valencia v. State*, 396 So. 3d 1214, 1215 (¶1) (Miss. Ct. App. 2024). The Madison County Circuit Court sentenced him to concurrent twenty-five-year sentences on each count in the custody of the Mississippi Department of Corrections, with fifteen years to serve and five years of post-

release supervision. *Id*. Castillo-Valencia filed a PCR motion on August 17, 2023, claiming "his plea was involuntary and that he received ineffective assistance of counsel[.]" *Id*. at 1215 (¶2). The circuit court dismissed the motion, finding that his claims were time-barred and that he failed to raise a valid exception to the time-bar. *Id*. This Court affirmed the court's decision on November 26, 2024. *Id*. at 1216 (¶7).

¶3. Castillo-Valencia filed a "Petition for Relief from a Conviction or Sentence By a Person in Custody" on March 3, 2025, again asserting ineffective assistance of counsel. On March 5, 2025, the circuit court dismissed Castillo-Valencia's motion, finding it was barred as a successive motion and untimely. *See* Miss. Code Ann. §§ 99-39-23(6), 99-39-5(2) (Rev. 2020).

## Standard of Review

¶4. We will only disturb a circuit court's decision to deny or dismiss a PCR motion "if it is clearly erroneous; however, we review the circuit court's legal conclusion under a de novo standard of review." *Thompson v. State*, 386 So. 3d 407, 409 (¶6) (Miss. Ct. App. 2024) (quoting *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019)). "The petitioner bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Id*. (quoting *Williamson v. State*, 269 So. 3d 421, 424 (¶16) (Miss. Ct. App. 2018)).

## Discussion

¶5. Appealing the circuit court's order, Castillo-Valencia argues that the court did not (1) afford him an opportunity to present any evidence of ineffective assistance of counsel; (2) allow him "to explain why the motion was filed over three years ago"; or (3) "resolv[e] all

2

claims raised by Appellant in his habeas petition." These arguments are essentially identical to those raised in his prior appeal. *See Castillo-Valencia*, 396 So. 3d at 1215-16 (¶4).

¶6. We find that the circuit court properly found that Castillo-Valencia's PCR motion is barred as a successive motion under Mississippi Code Annotated section 99-39-23(6).[1] We also find no error in the circuit court's finding that his successive PCR motion was "untimely and not subject to any statutory exception." *See* Miss. Code Ann. §§ 99-39-5(2), 99-39-5(2)(a)(i)-(ii).

¶7. Lastly, when reviewing Castillo-Valencia's first PCR motion, this Court held that his ineffective-assistance-of-counsel claim "must fail," despite the time bar, "because it was not supported by affidavit" as required. *Castillo-Valencia*, 396 So. 3d at 1216 (¶6) (citing *Evans v. State*, 237 So. 3d 1271, 1275 (¶18) (Miss. Ct. App. 2018)). Castillo-Valencia has again raised a claim of ineffective assistance of counsel without attaching a supporting affidavit. "When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Ramsey v. State*, 424 So. 3d 330, 336 (¶18) (Miss. Ct. App. 2025) (quoting *Cook v. State*, 301 So. 3d 766, 778 (¶36) (Miss. Ct. App. 2020)).

¶8. Accordingly, because Castillo-Valencia's PCR motion is successive, time-barred, and fails to demonstrate that a statutory exception applies, we find no error in the circuit court's order denying his claims and dismissing the PCR motion.

---

[1] Section 99-39-23(6) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6).

¶9.     **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**